IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HOWARD DEWAYNE POLLARD and
BETTY JANE POLLARD                                                                  PLAINTIFFS

V.                                                                  CAUSE NO.: 1:16CV073-SA-DAS

CITIFINANCIAL MORTGAGE COMPANY, INC.,
CALIBER HOME LOANS, INC., FIDELITY NATIONAL
LOANS, INC., JOHN DOES 1-10, and HSBC
MORTGAGE SERVICES, INC.                                                             DEFENDANTS

MEMORANDUM OPINION

Defendants Citifinancial Mortgage Company, Inc., HSBC Mortgage Services, Inc., and Caliber Home Loans, Inc., ("the Removing Defendants") removed this case from the Prentiss County Chancery Court on April 29, 2016. Plaintiffs Howard Dewayne Pollard and Betty Jane Pollard timely filed this Motion to Remand to State Court [19] on the basis that Fidelity National Loans, Inc., is a non-diverse defendant as it is considered a citizen of Mississippi, same as Plaintiffs. The Removing Defendants insist that Fidelity National Loans, Inc., is improperly joined, thus making jurisdiction in this Court appropriate.

*Factual and Procedural Background*

Plaintiffs contend that they borrowed $37,500 from Fidelity to build an addition onto their home in 1998. Unbeknownst to Plaintiff, however, Fidelity recorded the loan to be for $246,932.68 in 2000. Some months later the debt was reduced to $79,685.58. Plaintiffs refinanced in 2003, with Citifinancial being paid $81,880.01. Plaintiffs claim the loan is now owned by Caliber for an amount approximately three times what the initial loan was for – over $100,000. Caliber sought to foreclose Plaintiffs' home in March of 2016.

Plaintiffs bring this suit alleging fraudulent misrepresentations by Fidelity as to the amount of money Plaintiffs are indebted. They assert the fraudulent loan balance was concealed from Plaintiffs until after Caliber attempted to foreclose on the property in question. Plaintiffs also assert a claim for fraudulent inducement for misleadingly instructing Plaintiffs to sign refinancing paperwork in order to keep their home. Their third claim is for fraudulent concealment based on their assertion that Fidelity kept the initial paperwork thereby concealing that they were holding a loan for more than they should. Plaintiffs further claim the Defendants were negligent, unjustly enriched, and negligently or intentionally inflicted emotional distress. Plaintiffs seek to quiet and confirm title due to the fraud allegedly perpetuated on Plaintiffs.

Removing Defendants seek dismissal of Fidelity as a defendant under the theory that Fidelity was improperly joined as the statute of limitations against that entity has expired.

*Improper Joinder Standard*

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and the matter is between citizens of different states. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

However, "because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of

remand." *Church v. Nationwide Ins. Co.*, No. 3:10-cv-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-cv-273, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against finding jurisdiction."). Defendants are entitled to remove to a federal forum unless an in-state defendant has been properly joined. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Where the Court finds that a defendant has been improperly joined, it "may disregard the citizenship of that defendant [for diversity purposes], dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.* 819 F.3d 132, 136 (5th Cir. 2016) (citation omitted).

To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). At issue here is the second prong, wherein the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonal*, 408 F.3d at183 (quoting *Smallwood*, 385 F.3d at 573). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." *Id*.

Improper joinder issues are ordinarily resolved by conducting a Rule 12(b)(6)-type analysis. Alternatively, at its discretion and in "hopefully few" cases, the court may opt to pierce

3

the pleadings and conduct a summary inquiry where the plaintiff has stated a claim, but omitted or misstated discrete facts. *McDonal*, 408 F.3d at 183; *see also Boone v. Citigroup Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)").

In the present case, the Court finds no justification for converting the inquiry into a summary review and therefore analyzes the Plaintiffs' complaint under the more lenient Rule 12(b)(6) framework. *Smallwood*, 385 F.3d at 574 (noting that the court's inquiry at this stage should be guided by "simple and quick exposure of the chances of the claim against the in-state defendant"). Thus, the Court asks whether there is any reasonable, opposed to merely theoretical, basis to predict that state law might impose liability on the facts involved. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smith*, 278 F. App'x at 379.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Such analysis must be done in the context of Rule 8's notice pleading standard, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55, 127 S. Ct. 1955 (quoting FED. R. CIV. P. 8). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "As a practical matter, the negative corollary of this statement will often hold true: if a plaintiff's claims against in-state defendants cannot survive a Rule 12(b)(6) analysis, the finding of improper joinder follows." *Druker v. Fortis Health*, Civil Action No. 5:06–cv–00052, 2007 WL 38322, *7 (S.D.

Tex. Jan. 4, 2007); *Powell v. Target Corp.*, Civil Action No. 3:16cv127-CWR-LRA, 2016 WL 4573974, *3 (S.D. Miss. Sept. 1, 2016). "After all disputed questions of fact and all ambiguity in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Kling Realty Co. Inc. v. Chevron USA Inc.*, 306 F. App'x 24, 27 (5th Cir. 2008) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

*Discussion and Analysis*

The Removing Defendants insist that the claims against Fidelity are time-barred by the applicable statute of limitations. Plaintiffs counters that they are protected by statutory equitable tolling under Mississippi Code Section 15-1-67. Plaintiffs claim that this Court's inquiry into equitable tolling would require a merits-based determination, which *Smallwood* prohibits. Plaintiffs' Complaint alleges that Fidelity maintained all paperwork regarding the initial loan with Plaintiffs even though Plaintiffs requested that documentation from Fidelity. Therefore, Plaintiffs assert that the statute of limitations should be equitably tolled due to Fidelity's fraudulent concealment. The Removing Defendants counter by arguing that the Plaintiffs' recitation of their loan history is erroneous.

Because issues of fact must be resolved in the non-removing parties favor, *Cuevas*, 648 F.3d at 249, the Court finds that Plaintiffs' claims against Fidelity may be equitably tolled, and as such, are plausible claims. Accordingly, Fidelity was not improperly joined, and there is no diversity. This Court, therefore, has no jurisdiction, and the case is remanded back to the Prentiss County Chancery Court.

Plaintiffs have additionally requested attorneys' fees to compensate them for fees incurred to respond to the removal. The decision to grant or deny attorney's fees is within the

discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally improper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes,* 199 F.3d at 293). Because there was an objectively reasonable basis for seeking removal, Plaintiffs' request for attorney's fees is DENIED.

SO ORDERED, this the 3rd day of February, 2017.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**